Vernon Lee CRUSE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–92–01227–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 14, 1994.

Stephen Morris, C. Michelle Smith, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

A jury found appellant guilty of the offense of aggravated robbery. Appellant pled true to two enhancement paragraphs, and the jury assessed punishment at eighty-five years confinement. Appellant brings four points of error on appeal complaining of the use of a statement made by appellant during a custodial interrogation without receiving the statutory warning and the trial court's failure to suppress an in-court identification of appellant based on an allegedly impermissibly suggestive pretrial identification procedure. We will affirm the judgment of the trial court.

The facts of this case concern an aggravated robbery at a convenience store. Dong Choi, the owner of the store, was working behind the counter one morning when two men entered the store. One of the men went around the counter to Choi and ordered Choi to open the cash register and the safe. The other man stood by the door and held the door open as a customer, Tony Womack, walked into the store. Once Womack was in the store, the man stationed at the door put a gun to Womack's head and threatened to shoot him if Choi did not open the safe. The man with Womack took Womack's car keys and wallet, and both men walked with Choi out of the store. Choi broke away from the men, and the man later identified as appellant shot twice at Choi. The two men escaped in Womack's car.

Appellant's first three points of error concern a statement appellant made to a pretrial services investigator. These three points of error revolve around appellant's contention that the interview with this investigator constituted custodial interrogation requiring the statutory warning concerning his right to remain silent and his right to an attorney. Because appellant was not given the required statutory warnings, appellant argues that the statement made in this interview could not be used against appellant at trial. The disputed statement consists of appellant telling the investigator his address. The state introduced this information in its case in chief because appellant's residence was close to the convenience store.

We find in the first place that appellant mischaracterizes the interview with pretrial services. Phillip Knox testified as the supervisor of the pretrial services department that his department is charged with acquiring basic information from individuals who are arrested in order to determine their possibilities for pretrial release. Appellant seems to base his characterization of the interview on the fact that appellant was in custody at the time he stated his address to the investigator interviewing him. However, the mere fact of being in custody does not automatically determine that any conversation between law enforcement personnel and an accused will constitute custodial interrogation requiring a statutory warning. *See Paez v. State*, 681 S.W.2d 34, 36 (Tex.Crim.App. 1984) (discussing United States Supreme Court's changing definition of custodial interrogation). In *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) the Supreme Court diminished the absolute language used in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) which had defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612. *Innis* did include as interrogation any functional equivalent of express questioning but it also specifically excluded from the definition of custodial interrogation those words or actions "normally attendant to arrest and custody". *Innis*, 446 U.S. at 300–01, 100 S.Ct. at 1689–90. The investigator for pretrial services required such basic information from appellant in the course of his routine work. Giving such basic information, even to a police officer in the course of an arrest, is basic to the process of being arrested and is not considered a result of custodial interrogation. *McCambridge v. State*, 712 S.W.2d 499, 505–507 (Tex.Crim.App.1986), *cert. denied*, 495 U.S. 910, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990). Because we find the interview between the investigator and appellant was not custodial interrogation, or, alternatively, that such information as an address was of the type normally attendant to arrest or custody,

appellant was not required to be given the required statutory warning before answering such general questions put to him in the course of a pretrial services interview. Point of error one is overruled.

■■■ Point of error two complains of the trial court's failing to allow appellant to raise the issue of appellant's voluntariness in giving the pretrial services investigator his address. The state objected for lack of relevancy when counsel for appellant began to question Phillip Knox about the lack of a statutory warning. In response, appellant asserted that the circumstances of the interview required elaboration because he was arguing that the interview constituted custodial interrogation. The trial court sustained the state's objection, apparently agreeing with the state's assertion that the interview was not custodial interrogation. Although we have already found this interview does not fall under the rubric of custodial interrogation, we also find that appellant failed to preserve error by making a record of what this witness's testimony would have been concerning voluntariness. When the trial court rules to exclude evidence, a party must as soon as practicable, and before the charge is read to the jury, be allowed to make an offer of proof. TEX.R.APP.P. 52(b). Appellant only argued why he wanted to pursue this questioning; he did not demonstrate the facts he would have elicited through his continuing to question Knox. *See Love v. State,* 861 S.W.2d 899, 900–01 (Tex.Crim.App.1993) (finding error not preserved where counsel only stated reasons why excluded evidence was necessary). Thus, we have nothing to review on appeal concerning this argument. Point of error two is overruled.

■■■ Although point of error three is multifarious in its presenting numerous complaints, we would address the three arguments appellant presents within this single point of error. However, we find that with respect to all three arguments, appellant failed to preserve error for review at the appellate level. Preservation of error is not merely a technical procedural matter by which appellate courts seek to overrule points of error in a cursory manner. The appellate court must allow the trial court a certain amount of latitude in its direction of trial matters of excluding and admitting evidence or else the appellate court would simply usurp the authority of a trial court, rendering the trial process an exercise in futility. Therefore, the rules of appellate procedure demand that a party present its evidence and all arguments in support thereof to allow the trial court the opportunity to make a ruling. *See* TEX.R.APP.P. 52(a) (stating general rule for preserving error for appellate review). Failing to present a particular argument to the trial court and then making such argument to the appellate court in effect usurps the trial court's function of ruling on such arguments. For reasons of judicial economy and comity, an appellate court must find that a party has failed to preserve error if the party fails to first allow the trial court an opportunity to make a ruling. *See Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App. 1986) (stating general rule that party must object in timely and specific manner to preserve error). Even a constitutional error may be waived. *Parker v. State,* 649 S.W.2d 46, 55 (Tex.Crim.App.1983), *cert. denied,* 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). For these reasons, and without expressing any opinion on the merits of appellant's contentions, we find appellant failed to preserve error on the following three arguments.

First, appellant seems to complain that the use of his address at trial compromised his right to reasonable bail because in participating in the pretrial services interview, an interview required for pretrial release, he thereby incriminated himself and was forced to compromise his Fifth Amendment right against self-incrimination. We find appellant nowhere in the record argues an infringement of his right to avoid self-incrimination. The record supports only appellant's argument that no statutory warning was given before the interview. Having failed to develop the self-incrimination argument at trial, appellant presents nothing for appellate review. Secondly, appellant asserts his Sixth Amendment right to counsel was violated because the interview with pretrial services occurred without the advice or assistance of an attorney. Again, appellant fails to show

us in the record that he attempted to raise this matter with the trial court. Thus, appellant presents nothing for review. Lastly, appellant asserts that the pretrial services investigator acted in a quasi-judicial capacity in interviewing appellant. In arguing the impropriety of this action, appellant cites only rule 605 of the Texas Rules of Criminal Evidence which states that a presiding judge may not testify at trial as a witness. Appellant failed to assert this complaint at the trial court level and has thus preserved nothing for our review. In addition, appellant offers no authority for his contention that an investigator for Harris County Pretrial Services acts in a judicial capacity in performing his job, and the argument fails on this basis as well. Point of error three is overruled.

 Point of error four complains of the trial court's failure to suppress the in-court identification of appellant made by the complainants Womack and Choi. At appellant's request, the trial court held a hearing outside the presence of the jury to determine whether Sergeant McClane showed the complainants an array of photographs that was impermissibly suggestive. Appellant correctly cites the general rule that an in-court identification must be set aside if it is found that the identification is the result of a pretrial photographic identification process that was impermissibly suggestive. *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno,* 388 U.S. 293, 301–02, 87 S.Ct. 1967, 1972–73, 18 L.Ed.2d 1199 (1967); *Rogers v. State,* 774 S.W.2d 247, 260 (Tex.Crim.App. 1989), *cert. denied,* 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). Despite the way in which appellant frames his point of error, in his argument under this point of error he does not present any reason as to why the photographic array itself was impermissibly suggestive. Rather, his specific concern centers on comments made by Sergeant McClane after the complainants selected appellant and his colleague as the persons who robbed them. The complainants testified at trial that they picked out the two photographs on their own; they did not mention any hinting or encouragement from McClane. However, McClane did concur that *after* the identifications were made he

stated that the photographs chosen were individuals not only already suspects for the offense in the instant case but also wanted for other offenses as well. As the court of criminal appeals has noted in the past, however, there is no probability of irreparable misidentification when the witnesses, or complainants in this case, "confidently affirm that their identifications are based exclusively upon a recollection of the events witnessed by them and not upon the pretrial identification procedures in question." *Rogers,* 774 S.W.2d at 260. Appellant likewise in the instant case points to nothing concerning the array itself or anything said to the complainants before their identification that would have given rise to a substantial probability of irreparable misidentification. Point of error four is overruled. The judgment of the trial court is affirmed.