NUMBER 13-99-672-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________ 


EDWIN JEOVANY ALVARADO , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

__________________________________________________________________ 



On appeal from the 177th District Court

of Harris County, Texas.

__________________________________________________________________ 



O P I N I O N

Before Justices Dorsey, Yañez, and Kennedy (1)

Opinion by Justice Kennedy

 

 Appellant was convicted by a jury of intoxication manslaughter. The same jury assessed punishment at confinement
for ten years. 

 The state's evidence demonstrates that appellant's car was being driven in an erratic manner and eventually crossed the
center line of the road in which he was heading southbound and collided with a northbound vehicle. The driver of the
northbound vehicle was killed as the result of the collision. The collision was witnessed by a husband and wife who
were almost struck by appellant when he exited a parking lot. 

 Appellant was taken to a hospital by a police officer who was met there by another police officer. The second officer
asked for a sample of appellant's blood and a nurse who was present complied with the request by drawing blood from
appellant. The officer who requested the blood sample testified that he knew the nurse personally and that she was a
registered nurse. The sample of appellant's blood, contained .209 grams of alcohol per 100 milliliters of blood, which
is an amount greater than the legal limit to prove intoxication by law. 

 Appellant's first two points of error complain that appellant's blood was taken without first warning him of the
consequences of providing, or refusing to provide, a specimen. His objection at trial was: 

 MR. ALVAREZ: First of all, if they don't raise an issue - I mean, the only time that the registered nurse is even
required is when it's done non-consentually, to begin with, based upon the case law. So, I mean - 



 THE COURT: Is that your objection? 



 MR. ALVAREZ: Yes, Judge. 



 THE COURT: If that's your objection, it's overruled. 



Appellant's objection at trial does not comport with the matter raised in his first two points. To preserve error for
appellate review, the complaining party must make a timely, specific objection. Turner v. State, 805 S.W.2d 423, 431
(Tex. Crim. App. 1991). The point of error on appeal must correspond to the objection made at trial. Id. at 431. We
overrule points one and two. 

 Points of error three and four complain of error in admitting into evidence the blood drawn from appellant and the
result of the alcohol content test on the blood because the blood was not drawn by a competent person as provided by
Section 724.017 of the Texas Transportation Code. This section provides: "Only a physician, . . . registered
professional nurse, or . . . may take a blood specimen at the request or order of a peace officer . . ." Tex. Transp. Code
Ann.§ 724.017(a) (Vernon 1999). The officer who requested the specimen testified that he knew the nurse who drew
the blood personally, had dated her on occasion, and further testified that she was a registered nurse. Although
appellant's counsel asked several questions of the officer in an attempt to refute his knowledge of the status of the
nurse, nothing was developed to change the officer's testimony that the person who drew the blood was a registered
nurse. We overrule points of error three and four. 

 Points of error five and six refer to an affidavit made by the nurse, referred to earlier, who drew appellant's blood. The
affidavit states: 

 My name is Julie Landus. I am over the age of eighteen years and capable of making this affidavit. I am employed by
the Harris County Hospital District - Ben Taub as a registered nurse. On 10-11, 1997, I withdrew a specimen from
Edwin Alvarado, DOB 2-24 of '70. The blood specimen was taken using reliable procedures as recognized by the
scientific community in the state of Texas and in a sanitary place as required by the Texas Transportation Code Ann.
724.017. 



The objection made was: 

 MR. ALVAREZ: Yes. I'm objecting under 724.017 of the Transportation Code. There has been no evidence she is
registered. That's hearsay. She says she is registered. She is not here to testify and we object to it. 



Counsel alleges error because the affidavit was hearsay (point number five) and because it was admitted over
appellant's confrontation objection (Affiant not here to testify-point of error six). The affidavit did not tell the jury
anything about the basic elements of the crime alleged,i.e., (1) that appellant was driving a motor vehicle, (2) while
intoxicated, (3) by reason of his intoxication he (4) collided with another vehicle, and, (5) caused the death of the
driver of the other vehicle. It merely told the jury that the proper procedure was employed to draw appellant's blood.
The affidavit did not affect any substantial right of appellant and may be disregarded. Tex. Rules App. Proc., Rule
44.2(b) (Vernon Special Pamphlet 2000). We overrule points of error five and six. 

 Point number seven is: "The trial court erred in overruling appellant's hearsay objection to Officer Kessler's testimony
about what Dr. Maltzman told appellant." In his brief, appellant quotes the portion of the record which he refers to
here as follows: 

 MR. THOMAS: Now, just so we're clear, after the defendant had responded to you, "go ahead and take it, I don't care"
and as a result of that you had Julie Landus take the blood, did you have any further conversations with the defendant
there in the actual shop room? 



 A: I didn't myself. I had Dr. Maltzman explain to him again in Spanish. 



 MR. ALVAREZ: Again, Judge, that's hearsay. 



 MR. THOMAS: He didn't say what he said. 



 THE COURT: That's overruled. 



 A: - that my entire purpose of actually being there, the identification and the intoxication and what we were doing. 



 To begin with, there is nothing in the quoted portion of the record to tell us what Dr. Maltzman said to appellant in
Spanish. "What Dr. Maltzman told appellant" can't be hearsay because Dr. Maltzman never revealed what he told
appellant. 

 If appellant is referring to Officer Kessler's statement "-- that my entire purpose of actually being there, the
identification and the intoxication and what we were doing," then the hearsay objection fails again. Hearsay is "a
statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the
truth of the matter asserted." Tex. R. Evid., Rule 801(d) (Vernon Special Pamphlet 2000). Officer Kessler's statement
does not fall within this definition. Even if it did, we would overruled point of error seven for the reasons stated with
respect to points five and six. 

 Appellant's eighth and final point of error involves the testimony of the state's expert witness. The question asked by
the state was, "Is it possible, though, that also there are situations in which even if a person is a 23, even if they were
intoxicated, sometimes it wouldn't matter whether sober or intoxicated, the reaction time may not make a difference in
certain situations; is that correct?" Appellant objected, saying, "it's outside of his field, I mean, that calls for
speculation." "The court ruled that, if he feels he can answer that, I'll let him answer. It depends on whether he feels
qualified to answer it(2)." 

 The record shows that the victim had also been drinking alcohol and had a blood alcohol concentration of 0.23 (thus
the 23 in the question asked by the state's attorney). The state in asking the objected-to question was apparently trying
to suggest that the victim's intoxication did not contribute to the accident. Appellant opened the question of the
victim's contribution to the accident by asking on cross-examination if a person "with .23 alcohol in their blood
stream" would be unable to perceive danger or unable to perceive a situation he would need to get away from. 

 First, appellant was the one who attempted to make the witness into an expert. He opened the door to the question
what a person with 0.23 alcohol concentration could or could not do. 

 Second, two other witnesses testified to the effect that the victim could not have avoided the accident. An officer who
was experienced in accident reconstruction had previously testified the victim could not have avoided the accident.(3)
An eyewitness to the accident answered the question whether the victim's car was "weaving or doing anything like
that" by saying, "No. He had no chance." Even if the admission of the witness's testimony complained of was error, it
was harmless where substantially the same evidence is properly admitted. Greenwood v. State, 948 S.W.2d 542, 551
(Tex. App. - Fort Worth 1997, no pet.). 

 We overrule the eighth point of error and AFFIRM the judgment of the trial court. 

NOAH KENNEDY 

Retired Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this the 31st day of August, 2000. 



 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
tex. Gov't code ann. § 74.003 (Vernon 1998).

2. The witness held a bachelor of science degree in chemistry and had five years experience in forensic alcohol testing.

3. He testified "depending on at what point in time prior to the actual impact the individual crossed over into the
oncoming lane of traffic, the person that would be driving forward in his own lane would have very little time to react."