NO. 07-01-0366-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 28, 2002

______________________________

CAROLYN ANN GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B12303-9602; HONORABLE ED SELF, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pursuant to a plea bargain, on December 12, 1996, appellant Carolyn Ann Garcia was convicted of the felony offense of driving while intoxicated and punishment was assessed at five years confinement and a $1,500 fine.  Appellant was placed on community supervision and upon the State’s motion to revoke alleging violations of the conditions thereof, the trial court heard evidence and revoked community supervision and imposed the original sentence.  Appellant filed a general notice of appeal challenging the trial court’s sentence.
(footnote: 1)  In presenting this appeal, counsel has filed an 
Anders
(footnote: 2) brief in support of a motion to withdraw.  Based upon the rationale expressed herein, counsel’s motion to withdraw is granted and the judgment of the trial court is affirmed.   

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a 
pro se
 brief if she desired to do so.  Appellant did not file a 
pro se 
brief nor did the State favor us with a brief.

Counsel presents one arguable issue in the 
Anders
 brief, to-wit: whether the trial court abused its discretion in refusing to reduce appellant’s five-year sentence in light of the time she was incarcerated in the Substance Abuse Felony Program.  However, counsel concludes that appellant is not entitled to credit for time spent in the Substance Abuse Felony Program and thus, the appeal is frivolous.  We agree.

As a condition of community supervision, appellant was required to serve one year in a substance abuse felony punishment facility.  She successfully completed the program.  The trial court’s judgment reflects that appellant received 146 days credit for time served while in jail awaiting trial.
  Credit on a sentence for time served is available only for time spent in jail, and not for time confined as a condition of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a); 
see also
 Greenwood v. State, 948 S.W.2d 542, 547 (Tex.App.–Fort Worth 1997, no pet.) (holding that the trial court did not err in refusing to give appellant credit for time served in an abuse felony punishment facility or the Salvation Army because it was a condition of probation).  We find the trial court did not err in refusing to reduce appellant’s sentence for time spent in a program as a condition of community supervision.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  
See
  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

  

FOOTNOTES
1:
Appellant may challenge her sentence by general notice of appeal because it is an issue unrelated to her conviction.  Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex.Cr.App. 2001).

2:
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).