IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00168-CR

 

James Clayton Campbell,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court No. F37378

 



MEMORANDUM  Opinion










 

      Campbell appeals convictions for
aggravated assault with a deadly weapon as a lesser included offense of murder
and for possession of a firearm by a felon.  See Tex. Penal Code Ann. § 19.02(b) (Vernon 2003),
§§ 22.02(a), 46.04(a) (Vernon Supp. 2004-2005).  We affirm.

      Motion for Continuance.  In Campbell’s first issue, he contends that the trial court erred in overruling Campbell’s motion for continuance.  See Tex.
Code Crim. Proc. Ann. art. 29.03 (Vernon 1989).  Campbell’s motion
contended that he had inadequate time to prepare for trial because of other
obligations.  “It is well settled that a motion for new trial must be made to
preserve complaint of the overruling of a motion for continuance
. . . .”  Benoit v. State, 561 S.W.2d 810, 817 (Tex.
Crim. App. 1977); accord Taylor v. State, 612 S.W.2d 566, 569 (Tex.
Crim. App. [Panel Op.] 1981); see Tex.
R. App. P. 21.2, 33.1(a); see generally 42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 28.56, at 532-33 (2d ed. 2001).  We assume without
deciding that Campbell preserved his issue.  “The truth of the . . .
motion, as well as the merit of the ground set forth therein and its
sufficiency shall be addressed to the sound discretion of the court called to
pass upon the same.”  Tex. Code Crim.
Proc. Ann. art. 29.06(6) (Vernon 1989); see Ross v. State, 133
S.W.3d 618, 629 (Tex. Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229,
240 (Tex. Crim. App. 2002); Heiselbetz v. State, 906 S.W.2d 500, 511
(Tex. Crim. App. 1995).  “To find an abuse of discretion in refusing to grant a
motion for continuance, there must be a showing that the defendant was
prejudiced by his counsel’s inadequate preparation time.”  Heiselbetz at
511; accord Ross at 629; Janecka v. State, 937 S.W.2d 456,
468 (Tex. Crim. App. 1996).  In particular, where the motion alleges inadequate
time to prepare for trial, “[c]ounsel should make a bill of exception or file a
motion for new trial to explain how, if at all, [the] client was prejudiced by
[the] inadequate preparation time.”  Tanguma v. State, 47 S.W.3d 663,
681 (Tex. App.—Corpus Christi 2001, pet. ref’d).  Where an appellant fails to
do so, “the record does not indicate that the trial court abused its discretion
in denying appellant’s motion for continuance.”  Greenwood v. State, 948
S.W.2d 542, 548 (Tex. App.—Fort Worth 1997, no pet.); accord Ramirez v.
State, 976 S.W.2d 219, 224 (Tex. App.—El Paso 1998, pet. ref’d).  Campbell’s motion for new trial did not raise the issue, and Campbell does not point to a
bill of exception.  The record thus does not show that the trial court abused
its discretion in overruling Campbell’s motion.  See id.; Tanguma at
681.   We overrule Campbell’s first issue.

      Effective Assistance of Counsel.  In
 Campbell’s second issue, he contends that his trial counsel failed to render
the effective assistance of counsel.  See U.S. Const. amend. VI;  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S. 668 (1984).  Campbell argues that counsel
failed to prepare for trial, failed to file a motion to sever Campbell’s two
charges, failed to question the voir-dire panel effectively, failed to develop
the issue of self-defense, and failed to object to the absence of a charge
instruction limiting the jury’s consideration of Campbell’s prior felony
conviction.  “To have his conviction reversed on the grounds of ineffective
assistance of counsel, an appellant must show” by the preponderance of the
evidence “that (1) counsel’s representation fell below an objective standard of
reasonableness and (2) the deficient performance prejudiced the appellant.”   Andrews
v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); accord Strickland at
687-96; Howard v. State, 153 S.W.3d 382, 388 (Tex. Crim. App. 2004); Ex
parte Nailor, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004); Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985).  “A Strickland
claim must be ‘firmly founded in the record’ and ‘the record must affirmatively
demonstrate’ the meritorious nature of the claim.”  Goodspeed v. State, No.
PD-1882-03, 2005 Tex. Crim. App. LEXIS 520, at *4 (Tex. Crim. App. Apr. 6,
2005) (quoting Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999)).  “If counsel’s reasons for his conduct do not appear in the record and
there is at least the possibility that the conduct could have been legitimate
trial strategy, we will defer to counsel’s decisions and deny relief on an
ineffective assistance claim on direct appeal.”  Murphy v. State, 112
S.W.3d 592, 601 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 940
(2004); accord Goodspeed at *4.  Campbell points to, for example, trial
counsel’s desire to speed the trial along; however, Campbell fails to show the
reasons for trial counsel’s conduct of which Campbell complains, and fails to
establish by the preponderance of the evidence in the record that his trial
counsel rendered deficient performance or that Campbell suffered prejudice from
trial counsel’s performance.  We overrule Campbell’s second issue.

      Charge.  In Campbell’s third and fourth issues, he complains of the trial court’s charge.  

      Necessity.  In Campbell’s third
issue, he contends that the trial court erred in denying Campbell’s requested
necessity defense to the offense of misdemeanor unlawfully carrying a weapon as
a lesser included offense of murder.  See Tex. Penal Code Ann. § 19.02(b), § 46.02(a) (Vernon
2003).

      Our
first duty in analyzing a jury-charge issue is to decide whether error exists. 
Then, if we find error, we analyze that error for harm.  Preservation of charge
error does not become an issue until we assess harm.  The degree of harm
necessary for reversal depends on whether the appellant preserved the error by
objection.  Under Almanza, jury charge error requires reversal when the
defendant has properly objected to the charge and we find “some harm” to his
rights.  When the defendant fails to object or states that he has no objection
to the charge, we will not reverse for jury-charge error unless the record
shows “egregious harm” to the defendant.  Thus, we review alleged charge error
by considering two questions: (1) whether error existed in the charge; and (2)
whether sufficient harm resulted from the error to compel reversal.

Ngo v. State, No. PD-0504-04, 2005 Tex. Crim. App. LEXIS 457, at *9 (Tex. Crim. App. Mar. 16, 2005) (internal footnotes omitted) (citing Almanza v. State, 686
S.W.2d 157 (Tex. Crim. App. 1984)); see Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981).  

      We assume without deciding that the trial
court erred.  Campbell was not convicted of unlawfully carrying a weapon.  Campbell did not suffer harm from any error.  We overrule Campbell’s third issue.  

      Limiting Instruction.  In Campbell’s fourth issue, he contends that the trial court erred in not including a
limiting instruction in the charge.  “The appellant’s brief must
. . . contain . . . a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the
record.”  Tex. R. App. P. 38.1
& (h).  “Appellant shoulders the responsibility of citing all the
applicable facts and the record references supporting those facts.”  Hall v.
State, 160 S.W.3d 24, 26 (Tex. Crim. App.), cert. denied, 125 S. Ct. 2962 (2005).  “When the defendant fails to discuss the evidence supporting his
claim, he presents nothing for review.”  Rocha v. State, 16 S.W.3d 1, 20
(Tex. Crim. App. 2000); accord Threadgill v. State, 146 S.W.3d 654, 673
(Tex. Crim. App. 2004); see Tex.
R. App. P. 33.1(a).  Campbell fails to cite to the record or cite
authorities.  Campbell thus forfeits the issue.  We overrule Campbell’s fourth
issue.

      Having overruled Campbell’s issues, we affirm the judgment.  

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed November 9, 2005

Do
not publish

[CRPM]