NO. 07-01-0366-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 28, 2002



______________________________




CAROLYN ANN GARCIA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B12303-9602; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Pursuant to a plea bargain, on December 12, 1996, appellant Carolyn Ann Garcia
was convicted of the felony offense of driving while intoxicated and punishment was
assessed at five years confinement and a $1,500 fine. Appellant was placed on
community supervision and upon the State's motion to revoke alleging violations of the
conditions thereof, the trial court heard evidence and revoked community supervision and
imposed the original sentence. Appellant filed a general notice of appeal challenging the
trial court's sentence. (1) In presenting this appeal, counsel has filed an Anders (2) brief in
support of a motion to withdraw. Based upon the rationale expressed herein, counsel's
motion to withdraw is granted and the judgment of the trial court is affirmed. 

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of her right to review the record and file a pro
se brief if she desired to do so. Appellant did not file a pro se brief nor did the State favor
us with a brief.

 Counsel presents one arguable issue in the Anders brief, to-wit: whether the trial
court abused its discretion in refusing to reduce appellant's five-year sentence in light of
the time she was incarcerated in the Substance Abuse Felony Program. However, counsel
concludes that appellant is not entitled to credit for time spent in the Substance Abuse
Felony Program and thus, the appeal is frivolous. We agree.

 As a condition of community supervision, appellant was required to serve one year
in a substance abuse felony punishment facility. She successfully completed the program. 
The trial court's judgment reflects that appellant received 146 days credit for time served
while in jail awaiting trial. Credit on a sentence for time served is available only for time
spent in jail, and not for time confined as a condition of community supervision. Tex. Code
Crim. Proc. Ann. art. 42.03, § 2(a); see also Greenwood v. State, 948 S.W.2d 542, 547
(Tex.App.-Fort Worth 1997, no pet.) (holding that the trial court did not err in refusing to
give appellant credit for time served in an abuse felony punishment facility or the Salvation
Army because it was a condition of probation). We find the trial court did not err in refusing
to reduce appellant's sentence for time spent in a program as a condition of community
supervision.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684
(Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.

 

 


 
1. Appellant may challenge her sentence by general notice of appeal because it is an
issue unrelated to her conviction. Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex.Cr.App.
2001).
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



s-serif">FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
NOS. 2006-413,889; 2006-413-895; 2006-414,532;
 HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Lindsey Ford Jr., appeals the entry of three judgments finding him guilty
of the offense of burglary of a habitation,


 each offense enhanced by two prior felony
convictions. In each case, punishment was assessed at life imprisonment, to run
concurrent with each other and to run concurrent with two separate sentences arising from
two additional indictments.


 In each of these three appeals, Appellant contends (1) the
State’s evidence presented during his plea proceeding was factually insufficient and (2) the
three life sentences to run concurrently with each other and with the other sentences
imposed were disproportionate to the burglary offenses to which he pled guilty, i.e., his
punishment was cruel and unusual. We affirm.
Background
          On October 2, 2006, a Lubbock County Grand Jury returned the indictments in
Cause Nos. 2006-413,889 and 2006-413,895, charging Appellant with the offense of
burglary of a habitation. The indictment in Cause No. 2006-413,889 alleges Appellant
intentionally, without the effective consent of the owner, Pamela Patton, entered her
habitation with the intent to commit theft on September 6, 2006. The indictment in Cause
No. 2006-413,895 alleges Appellant intentionally, without the effective consent of the
owner, Brandye Jordan, entered her habitation with the intent to commit theft on
September 1, 2006.
          On November 21, 2006, a Lubbock County Grand Jury returned the indictment in
Cause No. 2006-414,532 charging Appellant with the offense of burglary of a habitation. 
The indictment alleges Appellant intentionally, without the effective consent of the owner,
Edward Martinez, entered his habitation with intent to commit theft on August 14, 2006.
          The indictments in Cause Nos. 2006-413,889 and 2006-414,532 also contained two
enhancement paragraphs alleging Appellant had prior felony convictions.


 Although the
indictment in Cause No. 2006-413,895 did not contain any enhancement paragraphs, the
State subsequently filed a Notice of Enhancements alleging the same prior felony
convictions.
          On May 10, 2007, Appellant appeared in open court, with counsel, and after having
been duly sworn acknowledged to the court that it was his “intent to enter an open plea to
each of the cases that are pending against [him] here today.”


 Appellant further
acknowledged there was no plea agreement with the State, his plea was freely and
voluntarily given and he was waiving certain rights including his right to a trial by jury, as
well as his right to confront and cross-examine witnesses in open court. The record further
reflects Appellant filed his Written Admonishments,


 wherein he indicated he was “desiring
to enter a plea of guilty.” Without formally eliciting a plea of guilty in accordance with article
27.13 of the Texas Code of Criminal Procedure, the trial court reviewed the allegations
contained in each indictment and asked Appellant if he was “pleading guilty to the charge
because you are guilty and for no other reason.” In each case, Appellant answered in the
affirmative. The trial court then reviewed the enhancements contained in the indictment
and notice and explained their effect on the range of punishment. There were no
objections to the procedure by which the trial court “accepted” Appellant’s pleas. Upon
conclusion of the proceeding, the trial court pronounced Appellant’s sentence at
confinement for life in each case.
Discussion 
          Appellant raises two identical legal issues in each appeal. He contends the
evidence is “factually insufficient” to support each of his convictions but cites no authority
to explain or support his entitlement to a factual sufficiency review where, as here, he has
pled guilty to a trial court and waived his right to a jury trial. He next asserts his
punishment is disproportionate to his crimes because, under the applicable statutory
scheme, he will be required to serve at least thirty years of his sentences before he is
eligible for parole.
          Issue One - Factual Insufficiency
          Appellant contends the evidence is “factually insufficient” to support his conviction 
but cites no authority to explain or support his entitlement to a factual sufficiency review
where, as here, he has pled guilty to a trial court and waived his right to a jury trial.
           Where a defendant knowingly, intelligently and voluntarily pleads guilty or nolo
contendere to a felony, the appellate standards of review for legal


 and factual


 sufficiency
do not apply. Ex parte Martin, 747 S.W.2d 789, 791 (Tex.Crim.App. 1988); Ex parte
Williams, 703 S.W.2d 674, 678 (Tex.Crim.App. 1986); O’Brien v. State, 154 S.W.3d 908,
910 (Tex.App.–Dallas 2005, no pet.); Keller v. State, 125 S.W.3d 600, 604-05
(Tex.App.–Houston [1st Dist.] 2003, pet. dism’d), cert. denied, 544 U.S. 906, 125 S.Ct.
1603, 161 L.Ed.2d 280 (2005). 
           We find Appellant’s pleas constitute voluntary judicial confessions of guilt. See
Dinnery, 592 S.W.2d at 352-53; Harp v. State, 148 Tex.Crim. 354, 187 S.W.2d 570, 571
(1945) (op. on reh’g); Lord, 63 S.W.3d at 92; Stewart, 12 S.W.3d at 148. And, having
considered the record, we conclude there was sufficient evidence to support the judgments
under article 1.15 of the Code of Criminal Procedure. Appellant’s issues are overruled.
          Issue Two - Cruel and Unusual Punishment
          Appellant also contends the sentences imposed on him were disproportionate and
constituted cruel and unusual punishment under the Texas and United States
Constitutions. To preserve error for appeal, a party must make a timely, specific objection
or motion to the trial court that states the grounds for the ruling sought with sufficient
specificity and complies with the rules of evidence and procedure. See Tex. R. App. P.
33.1(a). An argument that the punishment assessed is cruel and unusual is waived if
presented for the first time on appeal. Id; Jacoby v. State, 227 S.W.3d 128, 130
(Tex.App.–Houston [1st Dist.] 2006, pet. ref’d). Because Appellant made no objection to
the trial court raising the issue of cruel and unusual punishment, he has waived this issue
on appeal. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); Curry v.
State, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995).  
            However, even absent waiver, after comparing the temporal numerosity and
seriousness of the felony offenses for which he was convicted in light of his prior
convictions for similar offenses with the sentences assessed thereon, we conclude that
Appellant’s sentences were not unconstitutionally disproportionate and, thus, did not
constitute cruel and unusual punishment. See, e.g., Winchester v. State, 246 S.W.3d 386,
390-91 (Tex.App.–Amarillo 2008, no pet.). These issues are also overruled. 
Conclusion
          The trial court’s judgments are affirmed.
 
                                                                                      Patrick A. Pirtle 

                                                                                             Justice 



Do not publish.