Danny Wayne JOHNSON, Appellant,

v.

The STATE of Texas, State.

No. 2–95–097–CR.

Court of Appeals of Texas,
Fort Worth.

June 20, 1996.

Allan K. Butcher, Allan K. Butcher, Jr., Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Betty Marshall and Chuck Mallin, Asst. Chiefs of Appellate Section; C. James Gibson, Sharon Johnson, Stuart Oliphint, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant Danny Wayne Johnson was found guilty by a jury of aggravated sexual assault, with an affirmative finding that a deadly weapon had been used. Johnson appeals his conviction raising three points of error: 1) the trial court erred by not completing a hearing on his motion for new trial that was interrupted because of a bomb scare; 2 & 3) the trial court erred by sustaining the State's hearsay objections to testimony offered by Johnson. We affirm.

In his first point of error, he contends that the "trial court erred by refusing to complete

a hearing on the appellant's amended motion for new trial after the initial hearing was interrupted by a bomb threat." Johnson was found guilty on March 22, 1995. Johnson's attorney filed a motion for new trial on April 21, within the 30 day statutorily prescribed period. TEX. R. APP. P. 31(a)(1).

■ On May 2, Johnson's attorney filed an "Amended Motion for New Trial." The amended motion was filed outside of the statutorily prescribed period. Because it did not meet the requirements of rule 31, it was a nullity and cannot form the basis for appellate review. *Hamilton v. State*, 804 S.W.2d 171, 174 (Tex.App.—Fort Worth 1991, pet. ref'd).

■ On May 5, the trial court held a hearing "called for the purpose of hearing [Johnson's] Amended Motion for New Trial." As noted, the amended motion was a nullity; however, it was only filed to correct a typographical error in the original motion. The following sentence was in the original motion:

> This attorney asked Cora Green why she had not said anything about this earlier and she responded that she had thought the jury would know [the complainant] was *laying* after Defendant testified and they compared the testimony of the two. [Emphasis added.]

In the amended motion, the word "lying" was substituted for the word "laying."

This single word was the only change in the body of the amended motion. The text of both motions make it clear that Johnson is requesting a new trial because he has uncovered new evidence. From the context of the

sentence, it is apparent that the word "laying" was used incorrectly, and it is equally apparent what Johnson intended to say. Moreover, the complainant's honesty was almost collateral in either motion because the gravamen of both motions was that there was newly discovered evidence. On the facts of this case, we find that the typographical correction of the amended motion created no substantial change in the original motion, and that both motions were functionally equivalent.

The State asks us to find that because the amended motion was a nullity, "[t]he trial court was without authority to hold *any* hearing," and thus any consideration of the issue of the newly discovered evidence was out of the trial court's jurisdiction. Although the motions were functionally equivalent, we are not persuaded that the trial court's consideration of the issue was a nullity simply because the trial court held its hearing over the amended motion instead of holding it over the still valid (and functionally equivalent) original motion which had been timely filed.[1]

■ In its final argument,[2] the State contends that the motion must be considered overruled by operation of law. The May 5 hearing was recessed due to a bomb threat.[3] On August 24, 1995, the trial court held a hearing:

> for the purpose of considering [Johnson's] request for the Court to proceed with the hearing on the Amended Motion for New Trial [which was interrupted by a bomb threat on May 5, 1995, and was] not con-

1. Perhaps most importantly, we note that the State failed to raise any such objection to either motion at the hearing, thus depriving the trial court of any chance to hold the hearing over the still valid original motion, as opposed to the untimely-filed amended motion.

2. The State also argued that no hearing was required to dispose of Johnson's motion following the May 5 hearing because the evidence he intended to produce would not have probably resulted in a different result during any new trial granted, and was merely "cumulative, corroborative, collateral, or impeaching." *See Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Crim.App. [Panel Op.] 1979). We find merit in this argument. We choose to rest our opinion, however,

on the State's third argument, which does not require any review of the evidence presented.

3. Before the hearing was recessed, Johnson had already called the only witness that would provide the court with newly discovered evidence (according to his motions for new trial). While it is unclear whether Johnson had any other witnesses to call, the State was questioning a witness it had called at the time the hearing was recessed. We think it unlikely that the requested continuation could have been dispositive to Johnson's request for a new trial because the trial court had already heard all of the newly discovered evidence indicated in Johnson's motion (although this is not dispositive to our holding on this point of error).

cluded, has not been rescheduled or resumed since that time.

At the hearing, the State informed the trial court that 75 days had elapsed since the sentence was imposed and argued that the court had no jurisdiction to rule on the motion. The rules of appellate procedure provide that:

**(e) Determination.**

(1) *Time to Rule.* The court shall determine a motion for new trial within 75 days after date sentence is imposed or suspended in open court.

. . . .

(3) *Failure to Rule.* A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule.

TEX. R. APP. P. 31(e)(1) & (3). Under rule 31(e)(1), the trial court had until June 5 to make its determination on the motion. While the May 5 hearing was held within the 75 day time limit, the August 24 hearing was well after the expiration of the limit, and the trial court determined that it no longer had jurisdiction to rule on the motion. We hold that upon the expiration of 75 days, the motion was overruled by operation of law and, thus, the trial court had lost jurisdiction to rule on the motion. *State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47, 49 (Tex.Crim.App. 1987).

Johnson cites us to *Murdock v. State,* 840 S.W.2d 558 (Tex.App.—Texarkana 1992), *remanded on other grounds,* 845 S.W.2d 915 (Tex.Crim.App.1993) and argues that "in those instances in which good cause can be shown . . . the time limits of Rule 31 must yield." Further, he cites *Whitmore v. State,* 570 S.W.2d 889 (Tex.Crim.App.1976) and argues that the failure to continue the hearing denied him his "right to due process and due course of law in that he was denied a hearing on a legitimate issue, solely because of the unlawful acts of a third person (the bomber)." Yet Johnson has demonstrated no good cause, nor any deprivation of his right to due process.

The bomb threat occurred on May 5, a full month before the trial court lost jurisdiction. At the August 24 hearing, Johnson argued that scheduling problems not under his control constituted good cause for the court to consider the motion after June 5. Johnson's attorney indicated that in order to avoid scheduling problems, she had originally attempted to have the case transferred to a court where she was employed as a public defender. She also stated that she "got in touch with the Court and the court coordinator about continuing the hearing within the time period." The trial court's response was:

Well, I'm not going to flat out dispute that. But I will unequivocally say that I have no recollection of any such discussion within the time frame. And I further will state that had it been presented to me that it was imperative that this matter be concluded within the time frame, the Court would have made time to hear the continuation of your motion. And I have no recollection in any such request or discussion we've ever had.

Johnson's attorney then indicated that she had done research concerning the 75 day limit, attempted to schedule the continuation of the hearing, and spoke with the court. The court's reply was, "It just didn't happen."

■ We have examined the trial court record including the docket. It contains no docket notations, motions, writs, hearing transcripts, or any other written indication that Johnson made any attempt before the August 24 hearing to schedule a continuation of the hearing. In light of the fact that Johnson knew that there was a problem with rule 31, we think that it was incumbent on him to develop some record, before the expiration of the court's jurisdiction, which demonstrated his efforts to reschedule the hearing. We hold that the burden is on an appellant to provide evidence of their efforts if they wish to argue that they fall within an exception to the rules. *See* TEX. R. APP. P. 50(d); *cf. Ex parte Stacey,* 709 S.W.2d 185, 189 (Tex.Crim.App.1986) (absent a showing to the contrary there is a presumption of the regularity of the proceedings and the burden is on the appellant to overcome that pre-

sumption); *Powers v. State,* 727 S.W.2d 313, 316 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd) (burden is on appellant to demonstrate in the record that he received ineffective assistance of counsel). The argument of Johnson's trial counsel, especially in light of the trial court's contradictory argument, presents us with unsatisfactory evidence to support any exception to the rules. Johnson's first point of error is overruled.

■ In his second point of error, Johnson argues that the trial court erred by sustaining a hearsay objection by the State, which prevented him from presenting relevant evidence in his defense. At trial, Johnson called his mother to testify concerning conversations the complaining witness had with her. The following exchange took place:

> [JOHNSON'S ATTORNEY:] And did you and [complainant] have conversations about her and [Johnson]?
>
> [JOHNSON'S MOTHER:] Oh, yes, yes.
>
> [JOHNSON'S ATTORNEY:] And did [complainant] tell you that the police had told her that Danny had right [sic] to the vehicle as well as—
>
> [STATE'S ATTORNEY]: Objection, Your Honor. That would call for hearsay, double hearsay.
>
> THE COURT: Sustained.

Johnson asserts that the exchange was not hearsay, and thus the court erred in excluding it. The State argues that any error in the exclusion of the testimony was not preserved because Johnson failed to make a bill of exception as required by the rules of evidence. TEX. R. CRIM. EVID. 103(a)(2). We agree. Rule 103 provides:

> **(a) Effect of Erroneous Ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. . . .
>
> . . . .
>
> (2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court

by offer or was apparent from the context within which questions were asked.

TEX. R. CRIM. EVID. 103(a)(2). In this case, there was no offer made. While the substance of the question asked was apparent, we note that Johnson failed to provide this court with any offer that would indicate the witness's response, thus, the substance of the evidence is not before us. *See Garza v. State,* 846 S.W.2d 936, 939 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

■ We note that we have been provided with the likely answer that reveals the substance of the evidence from a second source. The complainant herself confirmed that "the police [told her] that they couldn't do anything about him driving the car" because Johnson had an equal right to the car and that the police "told you that you couldn't do anything about him taking [their daughter] or taking your car." However, if we assume that Johnson's mother would have answered as the complainant testified,[4] it leads us to the inevitable conclusion that any error in excluding the evidence would have had no impact on the outcome of the trial because the same evidence had already been admitted without objection. Consequently, any error would be harmless. *See* TEX. R. APP. P. 81(b)(2); *Burks v. State,* 876 S.W.2d 877, 898 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). Johnson's second point of error is overruled.

■ In his third point of error, Johnson argues that the trial court erred in excluding evidence by sustaining the State's objection to the following testimony:

> [JOHNSON'S ATTORNEY:] Now, the Prosecutor just asked you about the stick that Barbara had and you told him that it was for Danny, was it unusual for her, and then he asked you about it being unusual.
>
> Did you think that it would be unusual for a woman just been raped to have a stick for her accuser or her rapist? Was it unusual for Barbara to take a weapon to Danny?
>
> [JOHNSON'S MOTHER:] No, I never saw her do that or heard either one of them say she did.

---

4. Johnson argues his mother would have testified as the complainant did, but without confirmation

by way of a bill of exception.

[JOHNSON'S ATTORNEY:] What about a knife?

[JOHNSON'S MOTHER:] She told me she did that.

[STATE'S ATTORNEY]: Objection, Your Honor. Objection to hearsay.

THE COURT: Sustained.

[JOHNSON'S ATTORNEY:] Pass the witness.

Johnson argues to this court that the statement was admissible because it was a statement against the declarant's penal interests, and thus was an exception to hearsay under TEX. R. CRIM. EVID. 803(24). The State argues first that since an objection was made and sustained, but no motion was made to strike the answer or to instruct the jury to disregard, the testimony was still before the jury for its consideration; thus, Johnson was not damaged by the trial court's ruling. *Rodriguez v. State*, 903 S.W.2d 405, 410 (Tex. App.—Texarkana 1995, pet. ref'd). Finding the Sixth Court of Appeal's reasoning[5] on this issue dispositive, we agree.[6]

 In addition, even if we considered the information as no longer before the jury, we find that Johnson failed to preserve error for this court's review. Johnson argues to this court that the statement is admissible as an exception to hearsay because it was a statement against the complainant's penal interest, citing TEX. R. CRIM. EVID. 803(24). But, he failed to offer this (or any) argument to the trial court in defense of the testimony, either before or after the trial court's ruling. An appellant must object or offer argument in response to the State's objection to preserve error for appellate review when the trial court excludes evidence. *Johnson v. State*, 629 S.W.2d 731, 733–35 (Tex.Crim.App. 1981).

The rules of appellate procedure require that a party present its evidence and all arguments in support thereof to the trial court to allow it an opportunity to make a ruling. *See* TEX.R.APP. P. 52(a). Failing to present a particular argument to the trial court and then making such argument to the appellate court in effect usurps the trial court's function of ruling on such arguments. *Cruse v. State*, 882 S.W.2d 50, 52 (Tex.App.—Houston [14th Dist.] 1994, no pet.).

Preservation of error is not merely a technical procedure by which appellate courts seek to overrule points of error in a cursory manner. The appellate court must allow the trial court a certain amount of latitude in its direction of trial matters of excluding and admitting evidence or argument or else the appellate court would simply usurp the authority of the trial court, rendering the trial process an exercise in futility. *Id.* Accordingly, we find that Johnson has failed to preserve his third point of error for our review.

Point of error three is overruled, the judgment of the trial court is affirmed.

---

5. The Sixth Court of Appeals found support for its reasoning in two civil cases, *Prudential Ins. Co. of America v. Uribe*, 595 S.W.2d 554, 564–65 (Tex.App.—San Antonio 1979, writ ref. n.r.e.) and *Southwest Title Ins. Co. v. Northland Building Corp.*, 542 S.W.2d 436, 447 (Tex.Civ.App.—Fort Worth 1976), *aff'd in part, rev'd in part on other grounds*, 552 S.W.2d 425 (Tex.1977).

6. Even though the information was before the jury, it seems doubtful that the testimony retained any probative value or could support a jury's finding as to any essential element of an offense charged, because the objection was sustained. We reserve any examination of these issues for another case because they are not presented to this court.