COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-066-CR
 
TYRELL THOMAS JONES           
           
           
           
           
  
            
APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
                           
STATE
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
In a bench trial, Appellant Tyrell Thomas
Jones entered his open plea of guilty to each of two counts of aggravated sexual
assault of a child under the age of fourteen. The trial court assessed
punishment at ten years' confinement on each offense, the sentences to be served
concurrently. The trial judge advised Appellant that he had an absolute right to
appeal. Appellant brings a single point on appeal, arguing that the trial court
erred in sustaining the prosecutor's relevance objection to defense testimony
concerning Appellant's relationship with his stepsister, the mother of the
complainant. Because we hold that the trial court did not reversibly err, we
affirm the trial court's judgment.
At trial, defense counsel asked
Appellant's father, Timothy Jones, the following question: "What was the
relationship that Carrie had with Tyrell when they were growing up?" The
prosecutor objected that the question was not relevant to the punishment
hearing, and the trial court sustained the objection. Defense counsel then
rephrased the question and asked, "As a member of your family, did Carrie
love Tyrell?" Mr. Jones answered, "Absolutely." Defense counsel
continued, "As a brother?" Mr. Jones replied, "Uh-huh."
The State argues that Appellant failed to
preserve his complaint, pointing out that rule 103 of the Texas Rules of
Evidence requires an offer of proof if the complained of ruling is one excluding
evidence.(2) Because Appellant failed to make an
offer of proof, the State argues, he waived his complaint.(3)
Defense counsel did not make an offer of
proof, but he did rephrase his question. The newly phrased question drew no
objection and was answered. The evidence Appellant sought to offer was, indeed,
offered and admitted. Even if we were to assume, which we do not, that the trial
court erred, we can see no possible harm to Appellant. The court's ruling,
therefore, had no impact on the outcome of the punishment hearing.(4)
We overrule Appellant's sole point on
appeal and affirm the trial court's judgment.
 
           
           
           
           
           
 LEE ANN
DAUPHINOT
           
           
           
           
           
 JUSTICE
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED: MARCH 6, 2003]

1. See Tex. R. App. P. 47.4.
2. Tex. R. Evid. 103(a)(2).
3. See Ricketts v. State, 89 S.W.3d 312, 325
(Tex. App.--Fort Worth 2002, no pet.).
4. See Johnson v. State, 925 S.W.2d 745, 749
(Tex. App.--Fort Worth 1996, pet. ref'd).