jones v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-066-CR

TYRELL THOMAS JONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a bench trial, Appellant Tyrell Thomas Jones entered his open plea of guilty to each of two counts of aggravated sexual assault of a child under the age of fourteen.  The trial court assessed punishment at ten years’ confinement on each offense, the sentences to be served concurrently.  The trial judge advised Appellant that he had an absolute right to appeal.  Appellant brings a single point on appeal, arguing that the trial court erred in sustaining the prosecutor’s relevance objection to defense testimony concerning Appellant’s relationship with his stepsister, the mother of the complainant.  Because we hold that the trial court did not reversibly err, we affirm the trial court’s judgment.  

At trial, defense counsel asked Appellant’s father, Timothy Jones, the following question:  “What was the relationship that Carrie had with Tyrell when they were growing up?”  The prosecutor objected that the question was not relevant to the punishment hearing, and the trial court sustained the objection.  Defense counsel then rephrased the question and asked, “As a member of your family, did Carrie love Tyrell?”  Mr. Jones answered, “Absolutely.”  Defense counsel continued, “As a brother?”  Mr. Jones replied,  “Uh-huh.”

The State argues that Appellant failed to preserve his complaint, pointing out that rule 103 of the Texas Rules of Evidence requires an offer of proof if the complained of ruling is one excluding evidence.
(footnote: 2)  Because Appellant failed to make an offer of proof, the State argues, he waived his complaint.
(footnote: 3)
 Defense counsel did not make an offer of proof, but he did rephrase his question.  The newly phrased question drew no objection and was answered.  The evidence Appellant sought to offer was, indeed, offered and admitted.  Even if we were to assume, which we do not, that the trial court erred, we can see no possible harm to Appellant.  The court’s ruling, therefore, had no impact on the outcome of the punishment hearing.
(footnote: 4)
 We overrule Appellant’s sole point on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED: MARCH 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. Evid.
 103(a)(2).

3:
See Ricketts v. State
, 89 S.W.3d 312, 325 (Tex. App.—Fort Worth 2002, no pet.).

4:
See Johnson v. State
, 925 S.W.2d 745, 749 (Tex. App.—Fort Worth 1996, pet. ref’d).