Affirmed and Memorandum Opinion filed October 27, 2005









Affirmed
and Memorandum Opinion filed October 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00771-CR

NO. 14-04-00772-CR

____________

 

REGINO
VALLEJO, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 263d District Court

Harris County, Texas

Trial Court Cause Nos. 946,639 & 958,864

________________________________________________________________

 

M E M O R A N D U M   O P I N I O N








After Regino Vallejo was
convicted by a jury of two counts of aggravated assault,[1]  the trial court sentenced him to serve
concurrent sentences of forty and fifty years.[2]  In his sole issue on appeal, Vallejo
challenges the trial court=s ruling
sustaining the state=s
objection to hearsay testimony.  We
affirm.

I.  FACTUAL BACKGROUND

Appellant was a member of a gang
known as the Texas Chicano Brotherhood. 
Members joined the gang while in prison, and were expected to remain
members for life.  On the morning of July
17, 2002, appellant visited the homes of Rudolfo Martinez and Rodney Ramos,
both of whom were members attempting to distance themselves from the gang.

Upon arrival at Martinez= house,
appellant began discharging his weapon the moment Martinez answered the
door.  One of the bullets hit Martinez in
the hand and another hit the hand of Martinez=
eleven-year-old son. After Martinez slammed the door shut, appellant continued
to fire his weapon at the closed door.  Both Martinez and his son testified at trial
that appellant fired the shots.

Later that morning, appellant
went to Ramos= residence accompanied by three
other individuals, one of whom was later identified as David Laredo.  Appellant confronted Ramos and informed him
that he Awas
cleaning up Houston@ and Ahad just
killed Rudy [Martinez].@  Soon thereafter, Cheryl Moore Caldwell, who
was living with Ramos, came out of the residence and asked everyone to leave
the property.  As Ramos turned away,
appellant shot him in the back of the neck. 
Laredo remained with Ramos while appellant and the other two individuals
drove away.  Detective Fred Barnes of the
Houston Police Department took statements from both Caldwell and Laredo.  Caldwell identified appellant as the
shooter.  The exact contents of Laredo=s
statement are not part of the trial record, and the whereabouts of Laredo were
unknown at the time of trial.








On April 24, 2003, a grand jury
indicted appellant on charges of aggravated assault with a deadly weapon,
enhanced by two prior felony convictions, for the shooting of Martinez.  A firearms examiner for the Houston Police
Department later determined that the bullets in the Martinez and Ramos
shootings were fired from the same weapon. 
On August 19, 2003, a grand jury indicted appellant on identical charges
for the shooting of Ramos.  Appellant
pleaded not guilty to both counts.  At
the conclusion of the trial, the jury found appellant guilty of both charges,
and the trial court sentenced him to concurrent sentences of forty and fifty
years in prison.

II.  DISCUSSION

In appellant=s sole
issue, he challenges the trial court=s ruling
in the following exchange:

APPELLANT=S COUNSEL:  So you=re stating that . . . Mr.
Laredo said that Mr. Vallejo was present there?

BARNES: He gave me the
names of people that with present (sic), nicknames and everything.

APPELLANT=S COUNSEL:  You=re saying that he said
that Mr. Vallejo was present?

THE COURT:  I gave you a little leeway.  Now we are B we=re definitely treading
well into the hearsay.  So let=s be real cautious about
the type of questions we ask.

APPELLANT=S COUNSEL:  Yes, your honor.  So B and did you know that Mr.
Laredo was the only one that knew where . . .

THE STATE:  Your honor, I=m going to object to any
questions about what Laredo said from talking with him, still, it=s hearsay.

THE COURT:  Sustained.

 

At the conclusion of Barnes=
testimony and outside the presence of the jury, appellant=s counsel
stated for the record that Detective Barnes would have testified that Laredo
did not mention appellant=s
presence at the scene of the crime.  








To
complain on appeal about a trial court=s
evidentiary ruling, appellant must have first made his complaint to the trial
court in a manner that Astate[s]
the grounds for the ruling . . . with sufficient specificity to make the trial
court aware of the complaint . . . .@  Tex.
R. App. P. 33.1.  To preserve
error, Asufficient
specificity@ requires a party to: (1) attempt
to introduce the evidence during the evidentiary portion of the trial; (2) if
an objection is lodged, specify the purpose for which it is offered and give
the trial judge reasons why the evidence is admissible; (3) obtain a ruling
from the court; and (4) if the judge rules the evidence inadmissible, make a
record through either a formal or informal bill of exceptions  of the precise evidence the party wants to be
admitted.  Richards v. Comm=n for
Lawyer Discipline, 35 S.W.3d 243, 252 (Tex. App.CHouston
[14th Dist.] 2000, no pet.).  It is not
enough to simply state to the trial court that the evidence is admissible; it
is the responsibility of the proponent of the evidence to tell the judge why
the evidence is admissible.  Reyna v.
State, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (emphasis added).  If the trial court never has the opportunity
to rule upon the proponent=s
appellate rationale, the argument cannot be raised on appeal.  See id. at 178 (citing Clark v.
State, 881 S.W.2d 682, 694 (Tex. Crim. App. 1994).








Although
appellant complied with three of the four requirements for preserving error, he
failed to provide the trial judge with any argument supporting the
admissibility of Barnes testimony.  On
appeal, appellant contends for the first time that the trial court should have
admitted Barnes=
statement because it was contrary to Laredo=s penal
interest.[3]  However, in order to have evidence admitted
under a hearsay exception, it is the responsibility of the proponent, not the
trial court, to specify the exception or exceptions upon which he or she
relies.  Reyna, 168 S.W.3d at 178
(citing Willover v. State, 70 S.W.3d 841, 845 n.4 (Tex. Crim. App.
2002); see also Johnson v. State, 925 S.W.2d 745, 750 (Tex. App.CFort
Worth  1996, pet ref=d)
(refusing to allow appellant to argue for the first time on appeal that
excluded testimony should have been admitted as a statement against penal
interest).  By failing to offer this (or
any) argument to the trial court in support of permitting Barnes=
testimonyCeither before or after the trial
court=s rulingCappellant
has waived his right to appeal on these grounds.  Accordingly, appellant=s sole
issue is overruled.  

We
conclude appellant has waived his right to complain about the trial court=s ruling
and the judgment of the trial court is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed
October 27, 2005.

Panel consists of Justice Fowler, Edelman, and
Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Tex. Pen. Code Ann. ' 22.02 (Vernon 2003).

 





[2]  Appellant=s sentence was enhanced based on two prior felony
convictions.





[3]  See Tex. R. Evid. 803(24).