COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-510-CR

 

 

DEDRIC DONELL FLOWERS                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted Appellant Dedric Donell Flowers
of murder and assessed his punishment at forty-three years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice and a fine of $9,750.  The trial
judge sentenced him accordingly. 
Appellant brings four points on appeal, challenging evidentiary rulings
by the trial court.  Because we hold that
the trial court did not err, we affirm the trial court=s
judgment.








Appellant=s
neighbor witnessed five or six men beating up one man.  Appellant was holding the complainant down
while the others kicked him and stabbed him with a screwdriver.  Appellant told the complainant that Ahe was
going to kill him for messing up his face.@  Appellant then went into the
adjacent duplex, a known drug house.  A
few minutes later, he came from around the corner, shooting.  The neighbor testified that he heard about
four shots and heard the complainant yell, AYou shot
me.@

At trial, Appellant testified that he was dealing
drugs, and that he was the complainant=s dealer.  Appellant said that the complainant accused
him of taking the complainant=s
gun.  According to Appellant, when he
told the complainant to leave, the complainant started jabbing him in the face
with a screwdriver.  Contending that he
was defending himself, Appellant grabbed a gun and shot the complainant several
times.








A deputy medical examiner testified that the
complainant=s blood contained alcohol,
cocaine, and morphine.  When Appellant
offered the toxicology report into evidence, the trial court sustained the
State=s
hearsay objection.  Appellant attempted
to introduce the complainant=s prior
convictions for unlawfully carrying a weapon (AUCW@), and
the court again sustained an objection by the State.  Appellant also attempted to offer evidence
that he was afraid of the complainant because he knew that the complainant had
been in the penitentiary, but the trial court sustained the State=s
objection to that evidence as well.

In his first point, Appellant complains about the
exclusion of the toxicology report.  The
deputy medical examiner testified for the State.  He testified that the complainant=s blood
contained a small amount of alcohol, a significant level of cocaine, and
morphine.  On cross-examination,
Appellant questioned the deputy medical examiner further about the toxicology
results and offered the toxicology report into evidence.  The State objected on the basis of hearsay,
and the trial court sustained the objection. 
The State argues that because Appellant failed to inform the trial court
of his theories of admissibility, he did not preserve his claim on appeal.[2]   We agree and overrule Appellant=s first
point.








In his second and third points, Appellant argues
that the trial court committed reversible error by refusing to allow him to
present evidence that the complainant had been convicted of UCW and had been to
the penitentiary.  Appellant raised a
self-defense claim before the jury.  He
argued that the fact that he knew the complainant had been to prison supported
his self-defense claim.  Standing alone,
evidence that a person has been to prison is not evidence that the complainant
was the first aggressor or that the defendant feared the complainant.[3]  Nor has Appellant shown, either at trial or
on appeal, why the complainant=s time
in prison would cause Appellant to fear him. 
Prior confinement in prison standing alone is not evidence of a violent
character or propensity to violence, nor is it evidence that a person is armed.[4]  

Appellant also argues that evidence that the
complainant was known to carry weapons should have been admitted because
Appellant was claiming self-defense. 
Such evidence would be relevant only under three circumstances:  (1) if there was also evidence that Appellant
was aware that the complainant habitually carried weapons; (2) if Appellant
contended that the complainant was carrying a weapon and Appellant=s
credibility was then attacked, requiring other evidence that the complainant
carried weapons to rehabilitate Appellant=s
testimony; or (3) to show the complainant was the first aggressor.[5]  Appellant does not direct us to any place in
the record that shows either of the first two circumstances existed.  As to the third circumstance, the jury








heard Appellant=s testimony that he was the complainant=s drug
dealer and that the complainant had accused him of taking the complainant=s
gun.  The evidence was
uncontroverted.  Appellant testified that
the complainant attacked him with a screwdriver, not with a gun.  Although the fact that the complainant had
been convicted of UCW would support a claim that the complainant had attacked
Appellant with a weapon that was unlawful to carry, Appellant=s
unchallenged testimony was that the complainant used a screwdriver.  Consequently, we do not see any theory under
which the evidence of the complainant=s UCW
convictions would be relevant or admissible in this case.  We overrule Appellant=s second
and third points.








In his fourth point, Appellant argues that the
trial court committed reversible error by denying his request for a limiting
instruction on extraneous offenses in the jury charge.  The trial court is required to give a
limiting instruction in the jury charge only when the trial court has given a
limiting instruction when the testimony was first admitted.[6]   Because Appellant did not request a limiting
instruction when the testimony regarding the extraneous offenses was admitted,
the evidence was admitted for all purposes.[7]  No limiting instruction, therefore, was required
in the jury charge.[8]  We overrule Appellant=s fourth
point.

Having overruled Appellant=s four
points, we affirm the trial court=s
judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL A:   DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 2, 2006

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]See Johnson v. State, 925 S.W.2d 745, 750 (Tex. App.CFort Worth 1996, pet. ref=d)
(holding that defendant fails to preserve objection to exclusion of evidence
when he does not offer any Aargument to the trial court in defense of the
testimony@).





[3]See Torres v. State, 71 S.W.3d 758, 760-62 (Tex. Crim. App. 2002).





[4]See id.; Martinez v. State, 17 S.W.3d 677, 687 (Tex. Crim. App. 2000); Tate
v. State, 981 S.W.2d 189, 192‑93 (Tex. Crim. App. 1998).





[5]See Torres, 71
S.W.3d at 760-62; Tate, 981 S.W.2d at 192‑93.





[6]See Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim.
App. 2001); see also Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon Supp. 2005).





[7]See Tex. R.
Evid. 105(a); Hammock,
46 S.W.3d at 895 (AAs we previously stated, however,
K.H.'s testimony was admitted for all purposes because appellant failed to
request a limiting instruction when the evidence was admitted.@).





[8]Hammock, 46
S.W.3d at 895.