Flowers v. State

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-510-CR

DEDRIC DONELL FLOWERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Dedric Donell Flowers of murder and assessed his punishment at forty-three years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $9,750.  The trial judge sentenced him accordingly.  Appellant brings four points on appeal, challenging evidentiary rulings by the trial court.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Appellant’s neighbor witnessed five or six men beating up one man.  Appellant was holding the complainant down while the others kicked him and stabbed him with a screwdriver.  Appellant told the complainant that “he was going to kill him for messing up his face.”
  
Appellant then went into the adjacent duplex, a known drug house.  A few minutes later, he came from around the corner, shooting.  The neighbor testified that he heard about four shots and heard the complainant yell, “You shot me.”

At trial, Appellant testified that he was dealing drugs, and that he was the complainant’s dealer.  Appellant said that the complainant accused him of taking the complainant’s gun.  According to Appellant, when he told the complainant to leave, the complainant started jabbing him in the face with a screwdriver.  Contending that he was defending himself, Appellant grabbed a gun and shot the complainant several times.

A deputy medical examiner testified that the complainant’s blood contained alcohol, cocaine, and morphine.  When Appellant offered the toxicology report into evidence, the trial court sustained the State’s hearsay objection.  Appellant attempted to introduce the complainant’s prior convictions for unlawfully carrying a weapon (“UCW”), and the court again sustained an objection by the State.  Appellant also attempted to offer evidence that he was afraid of the complainant because he knew that the complainant had been in the penitentiary, but the trial court sustained the State’s objection to that evidence as well.

In his first point, Appellant complains about the exclusion of the toxicology report.  The deputy medical examiner testified for the State.  He testified that the complainant’s blood contained a small amount of alcohol, a significant level of cocaine, and morphine.  On cross-examination, Appellant questioned the deputy medical examiner further about the toxicology results and offered the toxicology report into evidence.  The State objected on the basis of hearsay, and the trial court sustained the objection.  The State argues that because Appellant failed to inform the trial court of his theories of admissibility, he did not preserve his claim on appeal.
(footnote: 2)   We agree and overrule Appellant’s first point.

In his second and third points, Appellant argues that the trial court committed reversible error by refusing to allow him to present evidence that the complainant had been convicted of UCW and had been to the penitentiary.  Appellant raised a self-defense claim before the jury.  He argued that the fact that he knew the complainant had been to prison supported his self-defense claim.  Standing alone, evidence that a person has been to prison is not evidence that the complainant was the first aggressor or that the defendant feared the complainant.
(footnote: 3)  Nor has Appellant shown, either at trial or on appeal, why the complainant’s time in prison would cause Appellant to fear him.  Prior confinement in prison standing alone is not evidence of a violent character or propensity to violence, nor is it evidence that a person is armed.
(footnote: 4)  

Appellant also argues that evidence that the complainant was known to carry weapons should have been admitted because Appellant was claiming self-defense.  Such evidence would be relevant only under three circumstances:  (1) if there was also evidence that Appellant was aware that the complainant habitually carried weapons; (2) if Appellant contended that the complainant was carrying a weapon and Appellant’s credibility was then attacked, requiring other evidence that the complainant carried weapons to rehabilitate Appellant’s testimony; or (3) to show the complainant was the first aggressor.
(footnote: 5)  Appellant does not direct us to any place in the record that shows either of the first two circumstances existed.  As to the third circumstance, the jury

heard Appellant’s testimony that he was the complainant’s drug dealer and that the complainant had accused him of taking the complainant’s gun.  The evidence was uncontroverted.  Appellant testified that the complainant attacked him with a screwdriver, not with a gun.  Although the fact that the complainant had been convicted of UCW would support a claim that the complainant had attacked Appellant with a weapon that was unlawful to carry, Appellant’s unchallenged testimony was that the complainant used a screwdriver.  Consequently, we do not see any theory under which the evidence of the complainant’s UCW convictions would be relevant or admissible in this case.  We overrule Appellant’s second and third points.

In his fourth point, Appellant argues that the trial court committed reversible error by denying his request for a limiting instruction on extraneous offenses in the jury charge.  The trial court is required to give a limiting instruction in the jury charge only when the trial court has given a limiting instruction when the testimony was first admitted.
(footnote: 6)   Because Appellant did not request a limiting instruction when the testimony regarding the extraneous offenses was admitted, the evidence was admitted for all purposes.
(footnote: 7)  No limiting instruction, therefore, was required in the jury charge.
(footnote: 8)  We overrule Appellant’s fourth point.

Having overruled Appellant’s four points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Johnson v. State
, 925 S.W.2d 745, 750 (Tex. App.—Fort Worth 1996, pet. ref’d) (holding that defendant fails to preserve objection to exclusion of evidence when he does not offer any “argument to the trial court in defense of the testimony”).

3:
See Torres v. State, 
71 S.W.3d 758, 760-62 (Tex. Crim. App. 2002).

4:
See id.; Martinez v. State
, 17 S.W.3d 677, 687 (Tex. Crim. App. 2000); 
Tate v. State
, 981 S.W.2d 189, 192-93 (Tex. Crim. App. 1998).

5:
See Torres, 
71 S.W.3d at 760-62;
 Tate
, 981 S.W.2d at 192-93.

6:
See Hammock v. State
, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); 
see
 
also
 
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon Supp. 2005).

7:
See 
Tex. R. Evid.
 105(a); 
Hammock
, 46 S.W.3d at 895 (“As we previously stated, however, K.H.'s testimony was admitted for all purposes because appellant failed to request a limiting instruction when the evidence was admitted.”).

8:
Hammock
, 46 S.W.3d at 895.