Opinion issued November 15, 2007
            






 













In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-06-01161-CR
          01-06-01162-CR
__________
 
JOHN EMERSON MAGEE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1064246, 1064247
 

 
 
MEMORANDUM OPINION
          A jury found appellant, John Emerson Magee, guilty of the offenses of
aggravated assault on a public servant


 and aggravated assault,


 and assessed his
punishment at confinement for forty years for aggravated assault on a public servant
and twenty years for aggravated assault. In his first and second points of error,
appellant contends that his trial counsel rendered ineffective assistance by “fail[ing]
to object to damaging testimony that violated [his] Sixth Amendment right to
confront the witness against him”


 and “elicit[ing] damaging testimony from a police
witness.” In his third and fourth points of error, appellant contends that the trial court
erred during voir dire when it “[called] attention to the fact that an appellate court can
overturn the result of a trial and send the case back for retrial,” and “[made] an
incorrect statement regarding the law of juror disqualification.”
          We affirm. Factual Background
          In April 2006, Special Agents of the Bureau of Alcohol, Tobacco, Firearms and
Explosives (“ATF”) and officers from the Houston Police Department (“HPD”)
worked together on a task force organized to combat violent crime. On the evening
of April 5, 2006, ATF agents, riding in an unmarked car, followed a suspicious car. 
The suspicious car stopped next to another car. The agents observed a group of three
males standing outside the two cars. As the agents approached, two of the men began
shooting at the agents and officers. The police officers who were accompanying the
agents engaged a in a brief chase and apprehended appellant. The agents and officers
identified appellant as one of the shooters.
Ineffective Assistance
          In his first and seconds points of error, appellant argues that his trial counsel
rendered ineffective assistance because he failed to object to damaging testimony that
violated his right to confront the witness against him and elicited damaging testimony
from a witness that appellant’s motive in shooting at the police officer was to kill the
officer so that appellant could escape. 
          To prove an ineffective assistance of counsel claim, a defendant must show that
(1) his counsel’s performance fell below an objective standard of reasonableness and
(2) but for his counsel’s unprofessional error, there is a reasonable probability that the
result of the proceedings would have been different. Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A reasonable probability is a
“probability sufficient to undermine confidence in the outcome.” 466 U.S. at 694, 104
S. Ct. at 2068. In reviewing counsel’s performance, we look to the totality of the
representation to determine the effectiveness of counsel, indulging a strong
presumption that his performance falls within the wide range of reasonable
professional assistance or trial strategy. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). Furthermore, allegations of ineffectiveness must be firmly
founded in the record. Id. 
Testimony from forensic chemist
          During trial, J. Jackson, a forensic chemist from the Harris County Medical
Examiners Office, testified that swabs taken from appellant’s hands after the shooting
tested positive for gunshot residue. Jackson stated that a different forensic chemist,
Jason Schroeder, had actually performed the tests on the swabs taken from appellant’s
hands, but Jackson testified regarding the test’s results because Schroeder was on
military leave at the time of trial. Appellant complains that his trial counsel erred in
not objecting to Jackson’s testimony because he was entitled to cross-examine
Schroeder about the test results. 
          Here, the challenged testimony from Jackson established that appellant fired
his gun during the incident. However, appellant himself testified at trial that he fired
his gun twice during the incident because he thought someone was shooting at him.
Appellant’s defense was not that the agents and officers mistakenly identified him as
one of the shooters. Rather, appellant’s defense was that he fired his gun during the
incident because he was in fear for his life based on prior threats that he had received. 
Appellant specifically asserted that he had been previously threatened by someone
who drove a car similar to the agents’ unmarked car, and he fired his gun because he
thought he was going to be the victim of a “drive by” shooting. Appellant also
asserted that because the agents’ car was unmarked, he was not aware that he was
shooting at law enforcement officers. 
          Because the fact that appellant had fired shots during the incident was
uncontested, Jackson’s testimony regarding the test results was merely cumulative. 
See Johnson v. State, 925 S.W.2d 745, 749 (Tex. App.—Fort Worth 1996, pet. ref’d)
(explaining that exclusion of evidence admitted elsewhere in trial would have had no
impact on outcome of trial). Therefore, we hold that appellant has not demonstrated
that the results of the proceedings would have been different had the trial court
excluded Jackson’s testimony about the test results. See Strickland, 466 U.S. at 687,
104 S. Ct. at 2064.



Testimony from police officer regarding appellant’s motive
          At trial, appellant’s trial counsel asked one of the police officers if the officer
had learned anything about why appellant had fired his gun during the incident. The
officer replied that appellant’s motive was “to kill [the officer] and get away.”
Appellant asserts that no viable trial strategy could have existed for his trial counsel’s
question regarding appellant’s motive for the shooting. 
          During direct examination, appellant, who was a Hurricane Katrina evacuee
from New Orleans, testified that he had previously been threatened by other evacuees
who had also relocated to Houston after Hurricane Katrina. Appellant further
testified that he was carrying a gun on the day of the shooting because he felt that his
life was in danger. It appears from the record that during cross-examination of the
officer, appellant’s trial counsel attempted to elicit testimony from the officer that
appellant had explained at the scene, or sometime shortly thereafter, that he thought
he was shooting at persons who had previously threatened him and that appellant had
no specific reason to shoot at law enforcement officers. See Simms v. State, 848
S.W.2d 754, 757 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d) (noting that
strategy of trial counsel will not be reviewed if strategy has any plausible basis). 
Although appellant’s trial counsel may have been surprised by the answer of the
officer, counsel had a plausible reason for asking the question. Accordingly, we hold
that appellant has not demonstrated that his trial counsel’s questioning of the officer
fell below prevailing professional standards. See Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064. 
          We overrule appellant’s first and second points of error.
Improper Statement During Voir Dire
          In his third point of error, appellant contends that the trial court erred during
voir dire when it “[called] attention to the fact that an appellate court can overturn the
result of a trial and send the case back for retrial.” 
          During voir dire, the trial court explained to the venire, in regard to jury
qualifications, that if “it’s later determined that you did not meet all the qualifications,
that case will be – probably would be reversed and we would have to try it all over
again.” Appellant asserts that the statement suggested “to jurors that they [did] not
bear the ultimate responsibility for the judgment they [were] called upon to render.” 
          In order to preserve a complaint for appeal, the record must show that an
appellant raised a timely objection to the trial court. Tex. R. App. P. 33.1(a). Here,
appellant did not object to the trial court’s statement. By failing to object to the trial
court’s statement during voir dire, appellant did not preserve this complaint for
review. Id.; see also Fuentes v. State, 991 S.W.2d 267, 276 (Tex. Crim. App. 1999).



          We overrule appellant’s third point of error.
Misstatement of Law Regarding Juror Qualifications
          In his fourth point of error, appellant contends that the trial court erred during
voir dire when it “[made] an incorrect statement regarding the law of juror
disqualification to the venire.”
          A juror may be disqualified if he or she has been convicted or is under
indictment for a misdemeanor theft or a felony. Tex. Gov’t Code Ann. § 62.102
(Vernon Supp. 2006). During voir dire, the trial court stated that prostitution, in
addition to theft, was a misdemeanor crime that would disqualify an individual from
sitting on a jury. The State concedes that this was a misstatement of the law. 
However, a misstatement of the law not affecting substantial rights must be
disregarded. See Tex. R. App. P. 44.2(b). Here, the record does not indicate that any
individuals in the venire were disqualified for a previous prostitution conviction. See
Neal v. State, Nos. 14-06-00084-CR & 14-06-00085-CR, 2007 WL 324844, at *1
(Tex. App.—Houston [14th Dist.] Feb. 16, 2007, no pet.) (mem. op., not designated
for publication) (holding that there was no reversible error based on trial court’s
erroneous comment that prostitution would disqualify individuals from sitting on jury
and noting that no venireperson had claimed to be disqualified based on misdemeanor
involving moral turpitude, including prostitution and that trial court had not excused
any venireperson on those grounds). Moreover, a defendant does not have the right
for any particular individual to sit on the jury, but rather a defendant’s “only
substantial right is that the jurors who do serve be qualified.” See id. (citing Jones
v. State, 982 S.W.2d 386, 393 (Tex. Crim. App. 1998)). Because the record does not
indicate that an unqualified individual sat on the jury during appellant’s trial, no
reversible error exists. See id.
          We overrule appellant’s fourth point of error.
Conclusion
          We affirm the judgments of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. See Tex. R. App. P. 47.2(b).