

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00261-CR

Daniel **LAQUE** Sr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 16-03-0060-CRA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Patricia O. Alvarez, Justice
               Irene Rios, Justice

Delivered and Filed: July 31, 2019

AFFIRMED AS REFORMED

Appellant Daniel Laque Sr. was found guilty on one count of first-degree aggravated sexual assault of a child, one count of second-degree sexual assault of a child (a lesser-included offense of one of the charged first-degree aggravated sexual assault of a child counts), and three counts of second-degree indecency with a child. On appeal, Laque contends (1) the trial court erred in failing to hold a hearing on his motion for new trial and (2) the trial court's judgment contains an error regarding the offense, penal code statute reference, and age of the victim in Count III.

The State concedes the error Laque argues is contained in Count III of the trial court's judgment; the judgment will be reformed accordingly. However, because the presiding judge did not preside over the bench trial, we conclude the presiding judge did not abuse its discretion in failing to hold a hearing on Laque's motion for new trial. We affirm the trial court's judgment as reformed.

## FACTUAL AND PROCEDURAL BACKGROUND

Laque was indicted on two counts of first-degree aggravated sexual assault of a child and three counts of second-degree indecency with a child. Laque waived his right to a jury trial. On September 1, 2017, the trial court found Laque guilty of one count of first-degree aggravated sexual assault of a child, one count of second-degree sexual assault of a child (a lesser-included offense of one of the charged first-degree aggravated sexual assault of a child counts), and three counts of second-degree indecency with a child; the case was reset for sentencing. On December 11, 2017, Laque was sentenced to sixty-years' confinement in the Institutional Division of the Texas Department of Criminal Justice on the first-degree aggravated sexual assault of a child, and twenty years' confinement on the four second-degree felonies.

On January 9, 2018, Laque filed his motion for new trial. The hearing on the motion for new trial was set for February 12, 2018. On February 12, 2018, counsel for the State and defense counsel appeared; however, Laque was not present based on a failure to issue the bench warrant for transport from the Texas Department of Criminal Justice. The matter was reset to February 26, 2018.

On February 26, 2018, Laque's motion for new trial was recalled. The presiding judge declined to hear the motion explaining the trial judge, who presided over the bench trial, was

presiding in a different county at that time.[1] Defense counsel argued that the different judges presiding in Atascosa County, in light of the seventy-five-day window proscribed by Rule 21.6 of the Texas Rules of Appellate Procedure, denied Laque the right to raise a meaningful argument before the court. *See* TEX. R. APP. P. 21.6. Defense counsel explained the motion was previously set on February 12, 2018; he opined the trial judge's decision to reset the matter was evidence the allegations merited a hearing. He continued, had he known the trial judge would not be in Atascosa County for the day's docket, he "would have asked that the hearing be set in the county at some point between the last hearing and this hearing where the trial judge was sitting." Based on the presiding judge's failure to hear the motion for trial, the motion was overruled as a matter of law. *See Lundgren v. State*, 434 S.W.3d 594, 596 (Tex. Crim. App. 2014).

On May 4, 2018, Laque filed this notice of appeal.

## MOTION FOR NEW TRIAL

### A. Standard of Review

A hearing on a motion for a new trial is not an absolute right. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). When a motion for new trial is denied or overruled by operation of law, an appellate court reviews the trial court's decision for an abuse of discretion "reversing only if no reasonable view of the record could support the trial court's ruling." *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017) (citing *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012)). A trial court abuses its discretion when the decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Smith*, 286 S.W.3d at 339.

---

[1] The Honorable Donna Rayes, presiding judge of the 81st Judicial District Court, presided over the bench trial and is referred to as the "trial judge" throughout this opinion. The Honorable Russell Wilson, presiding judge of the 218th Judicial District, presided over the hearing on February 26, 2018, and is referred to as the "presiding judge" throughout the opinion. We note Judge Rayes and Judge Wilson have concurrent jurisdiction in Atascosa County District Court.

When the seventy-five-day window to schedule a hearing expires, it is deemed denied by operation of law. *Lundgren*, 434 S.W.3d at 596.

The movant bears the burden of actually delivering the motion for new trial to the trial court, *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009) (citing *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)), and ensuring the hearing is set for a date within the trial court's jurisdiction, *Belcher v. State*, 93 S.W.3d 593, 601–02 (Tex. Crim. App. 2002) (Frost, J., concurring); *see also Johnson v. State*, 925 S.W.2d 745, 748 (Tex. App.—Fort Worth 1996, pet. refd) (stating that it was incumbent upon defendant to "develop some record, before the expiration of the court's jurisdiction, which demonstrated his efforts to reschedule the hearing" on the defendant's motion for new trial).

## B.      Arguments of the Parties

Laque contends the trial court abused its discretion in failing to timely hold a hearing on Laque's motion for new trial. Laque claims the trial court recognized the merits of Laque's motion for new trial by setting two hearing dates.

The State contends the agreed reset on Laque's original motion for new trial hearing date resulted from trial counsel's failure to provide the State adequate time to request Laque's bench warrant to attend the February 12, 2018 hearing. Further, the State claims the trial counsel had adequate time to schedule a hearing before the seventy-five-day window expired. Additionally, the State contends the record is void of evidence that trial counsel properly presented the motion for new trial to the trial court or requested the case be reset before the expiration of the seventy-fifth day.

## C.      Motion for New Trial Properly before the Trial Court

The record clearly supports the motion was presented to the trial court. *See Gardner v. State*, 306 S.W.3d 274, 306 (Tex. Crim. App. 2009); *Aguilar v. State*, 547 S.W.3d 254, 265 (Tex.

App.—San Antonio 2017, no pet.). The motion for new trial was called for a hearing on February 12, 2018 and reset to February 26, 2018. A trial court's signature, a notation on a proposed order, or a hearing date set on the docket are evidence of presentment. *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009) (citing *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)).

The seventy-fifth day after Laque's sentencing was Saturday, February 24, 2018; based on Rule 4.1 of the Texas Rules of Appellate Procedure, the last day of the trial court's jurisdiction was necessarily extended to the following Monday—February 26, 2018. *See* TEX. R. APP. P. 21.6; 4.1(a) (extending period to next day not a Saturday, Sunday, or legal holiday when last day of period falls on such day). The trial court, therefore, still possessed jurisdiction on Monday, February 26, 2018, when the motion for new trial was set for the second time.

## D. Hearing on Motion for New Trial

On February 26, 2018, the presiding judge in Atascosa County was not the trial judge sitting during Laque's bench trial. The presiding judge declined to take any action on the motion. The presiding judge explained the procedure in the 81st and 218th Judicial District Courts.

> So I will just place on the record, I am the Judge of 218th. The 81st and the 218th overlap exactly. There are two district judges in each of the five counties of these districts, and we have one court coordinator's office. And the schedule for both Judges for 2018 has been posted online since Spring of last year, 2017. So, where [trial judge] is, unless it gets changed at the last minute, has been known for a number of months. I'll also state if you want to call the—I have no idea—if you want to call the District Clerk's office in Frio County where [the trial judge] is picking a jury, if she is extraordinarily concerned about something that is going on in this case, you might give her the opportunity to take any action she wants to take if this is the last date.

Consistent with the previously published calendar, the trial judge was presiding in a different county on February 26, 2018. The presiding judge explained to defense counsel, "[t]he schedule for both Judges for 2018 has been posted online since Spring of last year, 2017. So,

where [the trial judge] or [the Atascosa presiding judge] is, unless it gets changed at the last minute, has been known for a number of months."

Defense counsel made no request to set a hearing before the trial judge even at the presiding judge's suggestion. The presiding judge opined defense counsel could contact the trial judge,

> I'll also state if you want to call the District Clerk's office in Frio County where [the trial judge] is picking a jury, if she is extraordinarily concerned about something that is going on in this case, you might give her the opportunity to take any action she wants to take if this is the last date.

There is no evidence trial counsel appeared, or attempted to appear, before the trial judge on February 26, 2018; the motion for new trial was, therefore, overruled by operation of law. TEX. R. APP. P. 21.8. Defense counsel was given an opportunity to appear before the trial judge, within the seventy-five-day window, and did not do so. A trial court "cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or 'received a raw deal.'" *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). A trial court does not have "discretion to grant a new trial unless the defendant demonstrates that his first trial was seriously flawed and that the flaws adversely affected his substantial rights to a fair trial." *Id*. at 909; *see also* TEX. R. APP. P. 44.2.

Because the presiding judge did not preside over the bench trial, we cannot conclude the presiding judge's decision was not outside the zone within which reasonable persons might disagree. We thus conclude the presiding judge did not abuse its discretion in refusing to hold a hearing on the motion for new trial. *Smith*, 286 S.W.3d at 339.

### TRIAL COURT'S JUDGMENT—COUNT III

After the close of evidence, the trial judge held the State failed to prove the child was younger than fourteen-years-old when the sexual assault occurred. Laque contends, and the State concedes, the judgment thus states the wrong offense, penal code statute reference, and age of the

victim.  Based on the trial judge's specific finding, we reform the trial court's judgment to reflect the offense for which Laque was convicted as "Sexual Assault," reform the judgment to reflect Laque was convicted under "Texas Penal Code section 22.011(a)(1)," and further reform the judgment to read as follows: "The age of the victim at the time of the offense was younger than 17 years of age."

Accordingly, we affirm the trial court's judgment as reformed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH